IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOODY W. TANKLSEY,

       Plaintiff,                                 CV F 03 6593 AWI WMW P

     vs.                                        ORDER DISMISSING SECOND
                                                   AMENDED COMPLAINT
                                                   WITH LEAVE TO AMEND

TULARE COUNTY SHERIFF'S DEPT, et al.,

       Defendants.

       Plaintiff is a former Tulare County Jail inmate proceeding pro se in a civil action. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the second amended complaint. The second amended complaint is filed in response to the March 17, 2006, order dismissing the first amended complaint with leave to amend.

       On the order dismissing the first amended complaint, the court noted that plaintiff, formerly incarcerated at the Tulare County Jail, appeared to be filing a lawsuit regarding the conditions of his arrest. Plaintiff appeared to allege that two un-named "Sheriff Officers" falsely arrested him and impounded his car. Plaintiff made no other allegations.

Regarding any false arrest, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

As to the claim regarding his vehicle, the court assumes that the vehicle was impounded pursuant to a regulation authorizing that storage of the vehicle of an individual taken into custody. Plaintiff does not specifically allege whether the deprivation was authorized. An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Because the complaint failed to allege facts sufficient to discern a claim for relief, the complaint was dismissed.

In the March 29, 2006, second amended complaint, plaintiff appears to re-allege the facts of the first amended complaint with further specificity.  Plaintiff does not, however, allege facts sufficient to state a claim for relief.   Plaintiff refers to the conditions of his confinement, and levels vague allegations of assault by correctional staff.  Plaintiff does not, however, identify any particular individuals and charge them with actionable conduct.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff levels vague and conclusory allegations regarding the conditions of his confinement.  Plaintiff also refers to the towing of his vehicle, and facts that challenge the validity of his underlying arrest.  Those allegations fail for the reasons noted in the March 17, 2006, order.

Because plaintiff has failed to cure the defects noted in the earlier order, and has failed to specifically charge any identified individual defendant with conduct that states a claim for relief, the March 29, 2006, second amended complaint must be dismissed.  Plaintiff will, however, be granted leave to file a third amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 29, 2006, second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 7, 2006**                     **/s/ William M. Wunderlich**
mmkd34                                         UNITED STATES MAGISTRATE JUDGE